UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON COMPLIMENT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO: 1:14-CV-00175-SEB-MJD |
| v. ) | |
| ) | |
| HENDRICKS COUNTY SHERIFF; ) | JURY TRIAL REQUESTED |
| ) | |
| ADVANCED CORRECTIONAL ) | |
| HEALTHCARE INC.; ) | |
| ) | |
| HAROLD GIBSON, in his individual ) | |
| capacity as Hendricks County Jail ) | |
| Commander; ) | |
| ) | |
| MARK RUIZ, in his individual ) | |
| capacity as Hendricks County Jail ) | |
| Physician; and ) | |
| ) | |
| NADIR AL-SHAMI, in his individual ) | |
| capacity as Hendricks County Jail ) | |
| Physician, ) | |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT

### I. Nature of Case

1. This lawsuit seeks money damages against the Hendricks County Sheriff and its agents for inflicting unnecessary pain and suffering on Jason Compliment while he was imprisoned at the county jail and denied necessary prescription medication to treat his serious medical needs, all in violation of the eighth amendment to the United States Constitution, the Americans with Disabilities Act, and the Rehabilitation Act.

## II. Jurisdiction and Venue

2. This action is brought pursuant to 42 U.S.C. § 1983; Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq.*; and the Rehabilitation Act, 29 U.S.C. § 794.

3. This Court has original subject matter jurisdiction of the federal questions presented, pursuant to 28 U.S.C. § 1331.

4. Venue is proper in this Court and Division, pursuant to 28 U.S.C. § 1391, because the events giving rise to this action occurred in Hendricks County Indiana, which is located in the Indianapolis Division of the Southern District of Indiana.

5. This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## III. Parties

6. Plaintiff Jason Compliment is an adult resident of Indiana.

7. Defendant Hendricks County Sheriff ("Sheriff") is a law enforcement agency with its offices in Hendricks County, Indiana, and is a political subdivision of Indiana.

8. Defendant Hendricks County Sheriff is sued as an entity on plaintiff's federal § 1983, ADA, and Rehabilitation Act claims, and on plaintiff's state law negligence claim.

9. Advanced Correctional Healthcare, Inc., (ACH) is an Illinois corporation doing business in Indiana and which contracts with the Hendricks County Sheriff to deliver health care services in the Hendricks County Jail.

10. Defendant ACH is sued as an entity on plaintiff's federal § 1983 claim and on plaintiff's state law negligence claim.

11. Defendant Hendricks County Jail Commander Harold Gibson ("Gibson") is an

adult resident of Indiana.

12. Defendant Gibson is sued on the § 1983 claim in his individual capacity.

13. Defendant Mark Ruiz ("Dr. Ruiz") is an adult resident of Indiana, a contractor with ACH, and serves or has served as a Hendricks County Jail Physician.

14. Defendant Dr. Ruiz is sued in his individual capacity on the § 1983 claim and on plaintiff's state law negligence claim.

15. Defendant Nadir Al-Shami ("Dr. Al-Shami") is an adult resident of Indiana, a contractor with ACH, and serves or has served as a Hendricks County Jail Physician.

16. Defendant Dr. Al-Shami is sued in his individual capacity on the § 1983 claim and on plaintiff's state law negligence claim.

## IV. Factual Allegations

17. Jason Compliment has been periodically incarcerated at the Hendricks County Jail since he was charged with burglary and theft in March 2011.

18. Mr. Compliment suffers from schizophrenia and bipolar disorder, and has been prescribed the medication Geodon by his physician to alleviate and manage the symptoms of these mental illnesses.

19. Mr. Compliment was prescribed Geodon by a psychiatrist at the Indiana Department of Correction's Putnamville Correctional Facility, and has successfully received his medication at the Putnamville Correctional Facility, the Miami Correctional Facility, and the Marion County Jail.

20. Since March 2011, Mr. Compliment has been incarcerated in the Hendricks County Jail for varying periods of time, and, on several occasions, the jail has refused to allow

him to take Geodon.

21. Specifically, Mr. Compliment was denied access to Geodon for approximately 16 days beginning on or about September 4, 2012.

22. Mr. Compliment was again denied access to Geodon during the approximate time period of March 28, 2013 through May 3, 2013 while he was incarcerated in the Hendricks County Jail awaiting sentencing.

23. Mr. Compliment submitted medical requests and grievances, all of which were denied.

24. Jail physicians Dr. Mark Ruiz and Dr. Al-Shami, and ACH are responsible for the medical treatment of jail inmates.

25. Dr. Ruiz has authority to prescribe Geodon or a substitute medication.

26. Dr. Al-Shami has authority to prescribe Geodon or a substitute medication.

27. ACH, Dr. Mark Ruiz and Dr. Al-Shami failed to prescribe Geodon or a substitute medication for Mr. Compliment during his incarceration at the Hendricks County Jail.

28. The denial of his medication caused Mr. Compliment to decompensate and suffer from the symptoms of untreated schizophrenia and bipolar disorder.

29. Specifically, Mr. Compliment experienced hallucinations, paranoia, insomnia, mood swings, loss of concentration, suicidal thoughts, and thoughts of harming others.

30. Mr. Compliment's parents have unsuccessfully pleaded with jail staff, including, Defendant Gibson, on several occasions to provide Mr. Compliment with his medication.

31. Mr. Compliment's mother, Debbie Lewis, was informed by Commander Gibson that it is the Hendricks County Jail's policy not to administer narcotics to inmates.

32. Geodon is an antipsychotic medication, not a narcotic.

33. Commander Gibson also informed Ms. Lewis that if Mr. Compliment were to receive Geodon, the jail would place him in isolation from the other inmates.

34. Segregating inmates with serious mental illnesses can cause significant harm due to the lack of social interaction, sensory deprivation, and idleness.

35. Mr. Compliment was denied his medication because it is the custom, policy, or practice of the jail, as overseen by defendant Hendricks County Sheriff and ACH, to withhold medications that can be used as contraband by other inmates.

36. Mr. Compliment has suffered and been harmed as a result of the custom, policy, and practice of the Sheriff and ACH to withhold medication.

37. The individual defendants' actions towards Mr. Compliment were taken within the scope of their employment with the Hendricks County Sheriff and with ACH.

38. The individual defendants' actions towards Mr. Compliment were taken under color of state law.

39. The defendants' actions in denying Mr. Compliment access to his prescription medication were taken pursuant to the custom, policy, or practice of the Hendricks County Sheriff and ACH.

40. The Hendricks County Sheriff is a recipient of federal financial assistance.

41. The Hendricks County Sheriff is subject to the ADA.

42. The Hendricks County Sheriff is subject to the Rehabilitation Act.

43. Access to prescription medication is a part of the jail's medical services and constitutes a service, program, or activity covered by the ADA.

44. Access to prescription medication is a part of the Hendricks County jail's medical services and constitutes a service, program, or activity covered by the Rehabilitation Act.

45. Mr. Compliment was discriminated against because of his disability in that the Sheriff failed to reasonably accommodate his disability by allowing him access to prescription medication that would enable him to fully participate in the programs and activities provided at the jail.

46. Mr. Compliment properly served the Hendricks County Sheriff with a Notice of Tort Claim under the Indiana Tort Claims Act.

### V. Claims

47. The actions and inactions of the defendants constituted cruel and unusual punishment in violation of the eighth amendment to the United States Constitution, actionable pursuant to 42 U.S.C. § 1983.

48. Defendants' refusal to allow Mr. Compliment access to his prescription medication constituted discrimination based on Mr. Compliment's disability in violation of the ADA, 42 U.S.C. § 12132.

49. Defendants' refusal to allow Mr. Compliment access to his prescription medication constituted discrimination based on Mr. Compliment's disability in violation of the Rehabilitation Act, 29 U.S.C. § 794.

50. The defendants' actions and inactions constituted negligence under Indiana state law.

51. The Sheriff is legally responsible under Indiana state law for its own actions and inactions, and under the doctrine of *respondeat superior*, for the actions and inactions of its employees.

52. ACH is legally responsible under Indiana state law for its own actions and

inactions, and under the doctrine of *respondeat superior*, for the actions and inactions of its employees.

53. Plaintiff reserves all rights to assert any claims consistent with the alleged facts above, pursuant to the notice pleading requirement of Rule 8 of the Federal Rules of Civil Procedure.

## VI. Jury Trial Requested

54. Plaintiff requests a jury trial on all claims.

Respectfully submitted,

Dated: May 13, 2014            */s/ Richard A. Waples*
                                Richard A. Waples
                                Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned certifies that on May _____, 2014, a copy of this document was filed electronically. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

kenneth@cmrlawfirm.com

carol@bleekedilloncrandall.com

 */s/ Richard A. Waples*
Richard A. Waples

**WAPLES & HANGER**
410 N. Audubon Road
Indianapolis, IN 46219
TEL: (317) 357-0903
FAX: (317) 357-0275
EMAIL: rwaples@wapleshanger.com